UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OHIO AND VICINITY REGIONAL COUNCIL OF CARPENTERS, | ) ) ) | Case No.: 1:07 CV 1213 |
| Plaintiff | ) ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) ) | |
| PHOENIX CEMENT, INC., *et al.*, | ) ) | |
| Defendants | ) | <u>ORDER</u> |

## I. BACKGROUND

Plaintiff, Ohio and Vicinity Regional Council of Carpenters, United Brotherhood of Carpenters and Joiners Of America ("Carpenters Union") brought the within action against Defendants Phoenix Cement, Inc. ("Phoenix"), Blaze Building Corporation ("Blaze Building"), and Blaze Construction, Inc. ("Blaze Construction"), maintaining that Phoenix and Blaze Construction had failed to honor the terms of collective bargaining agreements to which they were a party, including the requirement that they employ only Union members to perform their work. The Complaint alleges that Phoenix, Blaze Construction and Blaze Building were alter egos of each other and that, therefore, Blaze Building, who was not a party to any of the applicable collective bargaining agreements, was nevertheless bound by the agreements of the two other Defendants. Plaintiff also filed a Motion for Preliminary Injunction. Currently pending before the court are the Motion of Phoenix and Blaze Construction to Dismiss and, in the alternative, to Strike Plaintiff's Claim for Injunctive Relief (ECF No. 25) and Blaze Building's Motion to Dismiss Plaintiff's Claim

for Injunctive Relief (ECF No. 28). Plaintiff filed its opposition to these Motions, and Defendants have all filed replies.

## II. MOTION OF PHOENIX AND BLAZE CONSTRUCTION TO DISMISS

The essence of the argument by Phoenix and Blaze Construction is that Plaintiff must first exhaust the binding dispute resolution mechanisms that are made available through the collective bargaining agreements to which Phoenix and Blaze Construction are signatories. For the reasons which follow, the court agrees.

The parties do not dispute that they are bound by Article XIX of the relevant agreement which deals with grievances and settlement of disputes. They also do not dispute that that provision requires the parties to proceed before a Joint Arbitration Board if they are not able to resolve their disputes in the grievance process. They also do not dispute that the Plaintiff has not yet pursued that process. Therefore, Plaintiff would ordinarily be precluded from bringing suit under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, pursuant to the Court's holding in *Republic Steel Corporation v. Maddox*, 379 U.S. 650, 653 (1965). Furthermore, this court is precluded from granting the injunctive relief which Plaintiff seeks under the Norris-LaGuardia Act, 29 U.S.C. §§ 101-115. The court finds that the exception found in *Boys Markets, Inc. v. Retail Clerks Union*, 398 U.S. 235 (1970), to be inapplicable. There, the Court recognized a narrow exception to Norris-LaGuardia's prohibition on granting injunctive relief in labor disputes where Union employees engaged in a work stoppage over issues which the parties had agreed to submit to the arbitral process. Although courts have extended this exception to cover the reverse situation where the employer's actions undermine the arbitral process, *Cleveland American Postal Workers v. U.S. Postal Service*, 968 F.Supp. 1199, 1202-03 (N.D. Ohio 1977), Plaintiff has not shown pursuing such

a process is futile. It has made no argument that Phoenix or Blaze Construction are not viable entities. It also has not shown that if the court finds that they are alter egos of each other and Blaze Building that that determination would not be fully enforceable against Phoenix and Blaze Construction. For all of these reasons, the court finds that the Motion to Dismiss of Phoenix and Blaze Construction (ECF No. 25) are well-taken and hereby grants said Motion. This decision is consistent with the court's preliminary indication to the parties of its decision on this Motion in a teleconference on July 13, 2007. However, the court finds that the alleged actions of Defendants do not undermine the arbitral process such that an injunction should issue, especially in light of the fact that no arbitration process has been pursued by Plaintiff and that the violations which it seeks to remedy date back as far as 2002. Consequently, the court hereby grants the Motion of Phoenix and Blaze Construction to Dismiss (ECF No. 25).

### III. MOTION OF BLAZE BUILDING TO DISMISS PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF

The Plaintiff's case against Blaze Building, who was not a signatory to the collective bargaining agreement(s), is not subject to the exhaustion requirement. However, the court cannot order Blaze Building to arbitrate at this time. As the Court stated in *Service Hospital, Nursing Home and Public Employees Union, Local No. 47 v. Commercial Services, Inc.*, 755 N.E.2d 499, 504 (6th Cir. 1985), *cert. denied*, 474 U.S. 850 (1985), a case also involving an alter ego or single employer theory, a court "may not order CCM to arbitrate, absent a finding that CCM and CPS are alter egos, or that the two constitute a single employer, or without determining that the situation is appropriate for piercing the corporate veil."

However, the court does not find the possibility of injunctive relief to be absolutely precluded by the Norris-LaGuardia Act or the cases decided pursuant to that Act. In *Aluminum Intl*

-3-

*Union Local 215 v. Consol. Alum. Corp.*, 696 F.2d 437, 441 (6th Cir. 1982), the court interpreted *Boys Markets* to "embrace employee behavior which has the effect of evading a duty to arbitrate or which would otherwise undermine the integrity of the arbitral process."  To be entitled to injunctive relief under *Aluminum Workers*, one must establish that "the underlying agreements for one which the parties are bound to arbitrate" and must "satisfy the court that injunctive relief is warranted 'under ordinary principles of equity.'" *Id*. at 442 (quoting *Boys Markets*, 398 U.S. at 254). Because there are not sufficient facts before the court to determine whether this standard can be met regarding Blaze Building, the court must deny the Motion of Blaze Building to Dismiss Plaintiff's claim for injunctive relief.  While it would be a rare case that the court would grant a preliminary injunction requiring a company to arbitrate on a finding that Plaintiff was likely to succeed on the merits of an alter ego or single employer theory in the context of granting a preliminary injunction, the court does not find that such a possible result is precluded.  For all of these reasons, the Motion of Blaze Building to Dismiss Plaintiff's Claim for Injunctive Relief (ECF No. 28), is denied.

The court will hold a telephonic conference with counsel for the remaining parties regarding a hearing on the motion for Preliminary Injunction and other case scheduling matters on October 17,  at 4:30 p.m.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

October 3, 2007